IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EULA LEE M. JACKSON,

      Plaintiff,

vs.

INVESTMENT COUNTY OF SACRAMENTO,

      Defendant.

_____/

No. CIV S-03-2640 WBS DAD PS

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

On December 9, 2003, the plaintiff in the above-captioned case filed a pro se complaint and paid the required filing fee. The case was closed on May 7, 2004. Before the court is a letter in which plaintiff states that she hopes the court will reopen her case and reschedule a hearing that she believes she missed. The assigned district judge has referred plaintiff's post-judgment request to the undersigned.

Almost six years ago, plaintiff filed a complaint so unintelligible that the Clerk of the Court had difficulty deciphering the defendant's name. Documents attached to the complaint suggested to the undersigned that the case might arise out of a state court unlawful detainer action. Because federal district courts do not have jurisdiction over such cases, the undersigned ordered plaintiff to show cause in writing why this case should not be dismissed for lack of jurisdiction. Plaintiff was cautioned that failure to file a timely response would result in a

recommendation that the case be dismissed.  Plaintiff did not respond to the order.  On April 8, 2004, the undersigned recommended that the case be dismissed and provided plaintiff with an opportunity to file written objections.  Again, plaintiff did not respond.  Both the order to show cause and the findings and recommendations were served on plaintiff at her address of record and were not returned by the United States Postal Service.  On May 7, 2004, the assigned district judge adopted the findings and recommendations and dismissed the case.  Although plaintiff's copies of the order and judgment dismissing the case were returned to the court, service was properly effected at plaintiff's address of record.  See Local Rule 83-182(f).

Five years later, plaintiff's unsigned letter provides a new address, different from that she listed when she brought this action in 2003, but cites no authority for reopening the case and fails to set forth any legal ground for vacating the judgment entered in 2004.  Notably, plaintiff's letter is directed to "Judge Ahbit," although there is no judge of that name on the bench of this court and never has been.  Plaintiff alleges as follows:

> The date I was due to arrive in court I was uninformed of the date and time to be present.  I never received this information due to the fact that during this time I was hospitalized.  I was then put out of my apartment after paying the full months' rent, and my telephone was disconnected and turned off.  I have proof of all these actions that weren't [sic] taken against me and my reasoning for not being present at my hearing.  I would appreciate the opportunity to be rescheduled for another hearing in order to properly defend myself.

(Pl.'s August 5, 2009 Letter (Doc. No. 9).)  No hearing was set in this case, and the plaintiff in a federal civil case is not the party called upon to defend herself.

If plaintiff's filing is construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), the motion must be denied.  As to grounds for relief that must be raised no more than a year after entry of judgment – mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud – plaintiff's motion was not filed within a year after May 7, 2004.  See Fed. R. Civ. P. 60(b)(1), (2), (3) & 60(c)(1).  As to grounds for relief that must be raised within a reasonable time after judgment was entered – the judgment is

1  void; the judgment has been satisfied, released, or discharged; and "any other reason that justifies
2  relief – plaintiff has not alleged facts that support those grounds, and five years is not a
3  reasonable time within which to raise them.  See Fed. R. Civ. P. 60(b)(4), (5), (6) & 60(c)(1).

4        The plaintiff bears the burden of proof on a motion for relief from judgment
5  pursuant to Rule 60(b), and such motions are addressed to the sound discretion of the district
6  court.  See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of
7  Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Savarese v. Edrick Transfer & Storage, 513 F.2d
8  140, 146 (9th Cir. 1975).  In the complete absence of any showing that plaintiff has raised or can
9  raise a claim over which this court has subject matter jurisdiction, the court should exercise its
10 discretion to deny plaintiff's request to reopen the case.

11       Accordingly, IT IS ORDERED that the Clerk of the Court shall re-serve upon
12 plaintiff the order and judgment filed May 7, 2004 (Doc. Nos. 6 and 7); and

13       IT IS RECOMMENDED that plaintiff's August 5, 2009 request to reopen this
14 case (Doc. No. 9) be denied.

15       These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10)
17 calendar days after being served with these findings and recommendations, plaintiff may file
18 written objections with the court.  A document containing objections should be titled "Objections
19 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
20 objections within the specified time may waive the right to appeal the District Court's order.  See
21 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 DATED: October 2, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25 DAD:kw
Ddad1\orders.prose\jackson2640.reqreopen.f&r